```
 1 | JAYNE F. CUCCHIARA SBN 218638
   | 2555 Camino Del Rio So., Ste. 208
 2 | San Diego, CA 92108
   | Tel: 619-294-3181
 3 | Fax: 619-294-3328
   |
 4 | Attorney for Plaintiff LELA WILLIAMS
```

FILED
2006 JUN 30 PM 3:27
SOUTHERN DIST... OF CALIF...
BY _____ RO _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELA WILLIAMS, | Civil Case No. |
| Plaintiff, | **06 CV 1350 JM     AJB** |
| v. | **COMPLAINT FOR CONTINUING ILLEGAL RETALIATION** |
| DONALD C. WINTER, Secretary of the Navy, | |
| Defendant. | JURY TRIAL DEMANDED |

**A. Jurisdiction and Venue**

1. Jurisdiction is invoked pursuant to 28 U.S.C. §1343(a)(4) and 42 U.S.C. §2000e-16(c).

2. Most or all of the events complained of in this action arose and took place in San Diego, California.

**B. Parties**

3. This complaint alleges that the civil rights of Plaintiff LELA WILLIAMS were violated by the actions of the Defendant named herein.

4. The Defendant DONALD C. WINTER, Secretary of the Navy, is sued

1

**COMPLAINT AND JURY DEMAND**

in his capacity as the head of the federal agency which employed Plaintiff at all times relevant and which took the actions complained of in this Complaint.

**C. Factual Background**

5. Plaintiff is an African American woman.

6. Plaintiff's date of birth is August 13, 1954.

7. Plaintiff has been a federal employee for well over two decades.

8. At all times relevant, Plaintiff has been employed by the Department of the Navy at the Human Resources Service Center Southwest in San Diego, California (hereinafter "HRSC-SW").

9. In or about January 2001, Plaintiff was promoted within her career ladder position of Human Resource ("hereinafter "HR") Assistant, from grade 5 to grade 6.

10. The target grade for Plaintiff's career ladder position is grade 7.

11. At all times relevant Plaintiff has satisfactorily performed her job.

12. Plaintiff should have been promoted to the target grade of grade 7 as early as 2002 but has instead been continuously and illegally denied this promotion year after year right up to the present time.

13. Plaintiff has timely and repeatedly complained that she has been denied the promotion to grade 7 for illegal reasons including discrimination based on her African American race, her age, her gender and in reprisal for her protected Equal

**COMPLAINT AND JURY DEMAND**

1 Employment Opportunity (hereinafter "EEO") activities.

2 14. In 2002, Defendant initiated an illegal removal action
3 against Plaintiff because she had made complaints of illegal
4 discrimination in regards to her unlawful treatment in the
5 workplace.

6 15. Because Defendant was falsely asserting that Plaintiff's
7 performance was substandard and thus justified its illegal
8 removal action against her, Defendant fabricated false
9 accusations about Plaintiff's performance, subjected Plaintiff to
10 disparate standards and heightened scrutiny and persistently and
11 unjustifiably criticized Plaintiff's work performance.

12 16. To further support its false accusations about Plaintiff's
13 performance and in illegal reprisal against, Defendant has
14 persistently and unjustifiably denied Plaintiff her promotion to
15 Grade 7.

16 17. In January 2003, Defendant effected Plaintiff's illegal
17 removal.

18 18. Thereafter, Plaintiff timely filed a mixed case appeal to the
19 Merit Systems Protection Board (hereinafter "MSPB") claiming that
20 her removal was not for good cause but was, in fact, illegal
21 discrimination and illegal reprisal for Plaintiff's prior
22 protected EEO activity in complaining about illegal
23 discrimination.

24 19. In the course of the MSPB proceedings, the MSPB
25 Administrative Law Judge (hereinafter "ALJ") informed Defendant
26 that based on his review of the record to that date it appeared

**COMPLAINT AND JURY DEMAND**

clear that the Defendant's removal action was not justified and that Defendant would not be able to meet its burden at the MSPB hearing.

20. Only after the strong admonition of the MSPB ALJ that its action against Plaintiff was so obviously unjustified, did the Defendant reluctantly rescind its removal action.

21. However, even in returning Plaintiff to duty, the Defendant continued its pattern of reprisal against Plaintiff by assigning her to a completely different department and relegating her to tasks and duties which her supervisor soon admitted would not allow her promotion to Grade 7.

22. Plaintiff's mixed case MSPB appeal thereafter continued its course.

23. Only after the MSPB ALJ ruled that the Defendant's action in returning Plaintiff to duty in a different department failed to restore her to the 'staus quo' did the Defendant finally and reluctantly return Plaintiff to the department and job from which she had been illegally removed.

24. The MSPB hearing resulted in an Initial Decision by the ALJ that the Defendant had engaged in illegal discrimination and illegal reprisal against Plaintiff in removing her from her federal employment.

25. Defendant appealed the ALJ's Initial Decision.

26. On or about September 14, 2005, the MSPB issued its final decision holding that the Defendant had engaged in illegal reprisal against Plaintiff when it removed her from her federal

**COMPLAINT AND JURY DEMAND**

employment back in 2003.

27. Throughout the pendency of the Plaintiff's mixed case MSPB appeal and continuing, Defendant has engaged in on-going reprisals against Plaintiff, subjecting her to continuing false accusations about her performance, disparate standards, heightened scrutiny and persistently and unjustifiably denying Plaintiff her promotion to Grade 7.

28. Plaintiff timely initiated and exhausted the administrative EEO complaint process to challenge all of the discriminatory, retaliatory and harassing conduct complained of herein.

29. More than 180 days have elapsed since Plaintiff timely commenced her administrative complaints.

## D. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Illegal Retaliation, Title VII of the Civil Rights Act of 1964, as amended, including 42 U.S.C. §2000e-16**

30. Plaintiff hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

31. Plaintiff's EEO activity and her mixed case MSPB appeal constitute "protected activity".

32. Defendant knew that Plaintiff engaged in the "protected activity" described herein.

33. Defendant illegally retaliated against Plaintiff because of Plaintiff's "protected activity."

34. As a proximate result of Defendant's illegal retaliation, Plaintiff has suffered and continues to suffer substantial emotional

5

**COMPLAINT AND JURY DEMAND**

distress, embarrassment, humiliation and mental anguish all to his damage in an amount according to proof. As a proximate result of Defendant's illegal retaliation, Plaintiff has also suffered economic loss due to her being denied promotion to Grade 7 in an amount according to proof.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

**E. RELIEF REQUESTED**

WHEREFORE, Plaintiff requests relief as follows:

1. For damages according to proof including lost wages and other employment benefits;

2. For compensatory damages for losses resulting from emotional distress, embarrassment, humiliation, and mental anguish according to proof;

3. For retroactive award of the promotion to Grade 7 and all benefits that flow therefrom in a manner that yields Plaintiff the greatest advantage;

4. For prejudgment interest at the prevailing rates;

5. That Defendant, their agents, successors, employees and those acting in concert, be enjoined permanently from engaging in each of the unlawful acts described herein;

6. For costs of suit including reasonable attorneys fees;

7. For such other and further legal and equitable relief as the Court may deem proper.

DATED: June 30, 2006

Jayme Cucchiara
Attorney for Plaintiff
LELA WILLIAMS

6

**COMPLAINT AND JURY DEMAND**

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
LELA WILLIAMS

**DEFENDANTS**
DONALD C. WINTER, SECRETARY OF THE NAVY

2006 JUN 30 PM 2:25
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
BY _____ AO _____ DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
JAYNE CUCCHIARA
2555 CAMINO DEL RIO SO, STE 208
SAN DIEGO, CA 92108
619 294 3181

**ATTORNEYS (IF KNOWN)**

'06 CV 1350 JM      AJB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**
42 USC §2000e-16(c)   Employment - illegal retaliation

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appelate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $ 300,000 plus BACK PAY, COSTS, FEES
Check YES only if demanded in complaint:
JURY DEMAND ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE JUNE 30, 2006
6/30/06

SIGNATURE OF ATTORNEY OF RECORD
[signature]

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

PAID $350 6/30/06 BH RCPT # 126667

```
          UNITED STATES
          DISTRICT COURT
        Southern District of California
            San Diego Division

            # 126667 - A1
            June 30, 2006

   Code        Case #      Qty     Amount

  CV006900  3-06-CV-1350           60.00 CH
    Judge    - MILLER
  CV510000                        190.00 CH
  CV006400                        100.00 CH


   Total->                        350.00


  FROM: CIVIL FILING
        WILLIAMS V. WINTER
        PC#1340
        BH
```